IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVAN TOLEDO<br><br>Plaintiff<br><br>vs.<br><br>UNIVERSITY OF PUERTO RICO; JORGE SANCHEZ; GEORGE V. HILLYER; JOHN HERTZ; PEDRO PARRILLA; SONIA BAZAN; NATHANIEL FUSTER; JOHN DOE<br><br>Defendants | CIVIL NO. 01-1980 (SEC)<br><br>PLAINTIFF REQUESTS TRIAL BY JURY |

**THIRD AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Iván Toledo ("Toledo"), through the undersigned attorneys and respectfully alleges and prays:

### I. NATURE OF THE ACTION

1.1 This is an action for damages, injunctive and equitable relief brought pursuant to 42 U.S.C. §1983; the Federal Rehabilitation Act of 1973, as amended, 29 U.S.C. §701 *et seq.*; the American with Disabilities Act, 42 U.S.C. §§12101, *et seq.*; Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA, Sec. 5141 and 5142; the Puerto Rico Disability Anti Discrimination Act, the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 2 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 2

## II. JURISDICTION

2.1 The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 since it is an action arising under the Constitution and laws of the United States to recover damages resulting from the deprivation of plaintiff's federal rights and privileges.

2.2 The Court has supplemental jurisdiction over the claims asserted by plaintiff under the Constitution and laws of Puerto Rico pursuant to 28 U.S.C. §1367 because they are so related to the claims upon which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.3 Venue lies properly within this district pursuant to 28 U.S.C. §1391 since one or more of the defendants reside in Puerto Rico and the events giving rise to the claims occurred in the Commonwealth of Puerto Rico.

## III. ADMINISTRATIVE PROCEEDINGS

3.1 On June 12, 2002 plaintiff filed an administrative complaint before the United States Department of Justice which referred the matter to the Office of Civil Rights of the United States Department of Education.

3.2 Plaintiff's administrative charges were terminated on September 24, 2002.

## IV. THE PARTIES

4.1 Plaintiff Iván Toledo ("Toledo") is of legal age, single and a citizen of Puerto Rico and the United States.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 3 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 3

4.2     At all times relevant to this complaint Toledo has been a student at the University of Puerto Rico Río Piedras Campus.

4.3     At all times relevant to the complaint Toledo has suffered from Schizoaffective Disorder, a mental impairment or condition recognized by the Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric Association ("DSM-IV").

4.4     Toledo has a record of mental impairment or disability.

4.5     Toledo's mental impairment or disability substantially limits one or more major life activities including, but not limited to, attending school, learning, concentrating, and social interaction.

4.6     The University of Puerto Rico ("U.P.R.") is an institution of higher learning constituting an organic system of higher education integrated by several institutional units one of which is the Río Piedras Campus (Recinto de Río Piedras).

4.7     The School of Architecture of the U.P.R. is part of the University of Puerto Rico higher education system.

4.8     Upon information and belief, the University of Puerto Rico is a recipient of federal funds and assistance.

4.9     Toledo has received federal financial assistance including, but not limited to, federal grants and loans, in connection with his studies at the U.P.R.

4.10    At all relevant times the U.P.R. has had more than 500 employees.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 4 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 4

4.11   Toledo was enrolled at the School of Architecture of the University of Puerto Rico until he was forced out as a result of the discriminatory practices, hostile academic environment, exclusionary practices and attitudes of the defendants in violation of his federal and Puerto Rico rights.

4.12   At all times relevant to the complaint Jorge Sánchez was the Deputy President of the University of Puerto Rico.

4.13   At all times relevant to the complaint George V. Hillyer was the Chancellor of the University of Puerto Rico's Río Piedras campus.

4.14   At all times relevant to the complaint John Hertz was the Dean of the School of Architecture of the University of Puerto Rico.

4.15   At all times relevant to the complaint Manuel García and Sonia Bazán were professors at the School of Architecture of the University of Puerto Rico.

4.16   At all times relevant to the complaint Nathaniel Fuster was a professor at the School of Architecture of the University of Puerto Rico and Director of the Design Committee.

4.17   The defendants listed in paragraphs 4.14 to 4.16 are all sued in their personal capacity in this action because they personally, through their actions or inactions, participated in the events of discrimination of which the plaintiff was the victim.

4.18   Codefendants Sánchez, Hillyer and Hertz are sued in their personal capacity because they had supervisory authority over the School of Architecture, its

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 5 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 5

professors and employees and they failed to adequately train and/or supervise the persons who participated in the acts of discrimination against the plaintiff.

4.19   The conduct of all codefendants was intentional and it involves gross negligence and/or a callous disregard for plaintiff's constitutional and federal rights.

4.20   Defendants are sued in their official capacity insofar as their inclusion is necessary so that the Court may grant the plaintiff such equitable and injunctive relief as is just and proper.

4.21   At all times relevant to the complaint defendants acted under color of law.

4.22   John Doe is a fictitious name used to refer to the person or persons, natural or juridical, whose name(s) is(are) presently unknown, who participated in the acts of discrimination against the plaintiff and who are also liable to him for the damages he suffered.

## V.   JURY DEMAND

5.   Plaintiff demands trial by jury as to all causes of action and claims for relief so triable.

## VI.   FACTS COMMON TO ALL CAUSES OF ACTION

6.1   In August of 1999 plaintiff was admitted to the Undergraduate Program of Environmental Design at the U.P.R. School of Architecture for the 1999-2000 term.

6.2   Throughout his first semester as an architecture student plaintiff was under psychiatric treatment because he suffered from "Schizoaffective Disorder."

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 6 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 6

6.3     Between September and October 1999 plaintiff's emotional condition deteriorated and he suffered from depression with anxiety, panic and desperation.

6.4     Because of the worsening of his condition and the treatment that was required plaintiff was unable to regularly attend classes during a period of time but was eventually able to return to his regular academic schedule.

6.5     Upon his return to his regular schedule plaintiff explained to his teacher, codefendant García, that he had been absent because he suffered from a mental disability which prevented his regular attendance at classes.

6.6     Upon his reintegration to the Design Fundamentals I class taught by codefendant Manuel García Plaintiff learned that Prof. García had assigned an exercise to the students.

6.7     Plaintiff sought to reach a mutually satisfactory understanding with Prof. García in order to accommodate his situation and carry out the assigned exercise but Prof. García refused.

6.8     Plaintiff was forced to turn in an incomplete exercise, which Prof. García ridiculed in front of the class.

6.9     Plaintiff met again with Prof. García to insist that he consider possible accommodations but was unsuccessful.

6.10    Plaintiff then met with Pedro Parrilla, his academic counselor, and presented his situation. Parrilla's sole suggestion was for plaintiff to quit the course.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 7 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 7

6.11   Given the course structure at the School of Architecture withdrawing from the course would involve the loss of an academic year.  In addition, withdrawing from the course would have placed plaintiff's federal economic assistance at risk.

6.12   Plaintiff persisted in the Design Fundamentals I course but Prof. García would continue to reject his explanations and requests for accommodation and, on account of Toledo's mental disability, criticize his work negatively in a manner different from the one used towards the other students.

6.13   Eventually, plaintiff was able to pass Prof. García's course with a "D" grade and was thus able to save his academic year.

6.14   Although initially confronting problems to reregister, Plaintiff was eventually able to register at the School of Architecture for the 2000-2001 academic year.

6.15   In August 2000 plaintiff suffered an emotional crisis and attempted to take his own life.

6.16   As a result of his suicide attempt plaintiff was hospitalized, first at San Francisco Hospital, then at San Juan Capestrano Hospital.  During that time he was absent from school.

6.17   Plaintiff was granted leave from his psychiatrist to return to school effective September 1, 2000.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 8 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 8

6.18   Upon his return to the School of Architecture plaintiff delivered his medical certificates to Prof. Sonia Bazán, his design professor during that semester, and requested an accommodation on the basis of his disability.

6.19   Although Prof. Bazán granted plaintiff a brief extension to turn in some work she refused to grant him any significant accommodation.  Moreover, Prof. Bazán was unwilling to accommodate plaintiff's need for an approximate 45 minute delay in his attendance to her morning class, which was necessary due to the side effects of his prescribed medication.  In addition to refusing this minimal accommodation Prof. Bazán made class participation a substantial part of the grading scheme in detriment of the plaintiff.

6.20   Plaintiff presented evidence of his disability to Prof. Bazán who suggested that plaintiff abandon his prescription medication because, according to her, they were the principal obstacle to his timely arrival at the classroom advising him that that she would make no exceptions nor grant repository tests nor additional time for completion of work.

6.21   Prof. Bazán would refuse to acknowledge plaintiff's presence in the classroom when he arrived late but would not do anything when the other students, who did not suffer from a mental disability, showed up late.

6.22   Plaintiff presented his situation to codefendant John Hertz, Dean of the School of Architecture, who did not intervene in the matter.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 9 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 9

6.23  Frustrated and desperate because of his failure to obtain a reasonable accommodation and the prejudices and insensibilities confronted due to his mental disability, plaintiff's emotional condition deteriorated again and his psychiatrist placed him on academic restrictions.

6.24  From October 10-27, 2000 plaintiff received treatment at Integrated Healthcare Systems a division of San Juan Capestrano Hospital. Among other things, plaintiff suffered from hallucinations, panic attacks, suicidal ideas and depression.

6.25  On November 13, 2000 plaintiff was called to a meeting with the Dean on account of a complaint filed by plaintiff at the U.P.R.'s Office of the Disabled.

6.26  During the course of the meeting he was required to evidence his condition. No mention was made, however, of his request for reasonable accommodation regarding his mental disability and his academic situation.

6.27  Like at many other higher education institutions, students at the U.P.R. School of Architecture are requested to submit teacher evaluations in connection with the courses they have taken during a semester.

6.28  When plaintiff turned in Prof. Bazán's evaluation complaining of her conduct toward him he was called to Dean Hertz's office where he was verbally abused by the Dean and Prof. Bazán who demanded that he sign a document agreeing to certain conditions in order to allow him to complete an academic project he had pending in Prof. Bazán's class.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 10 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 10

6.29   Plaintiff refused to sign the document and, given the pressure brought to bear upon him by the Dean and Prof. Bazán, he requested additional time to evaluate the document and seek legal advice.  Dean Hertz and Prof. Bazán rejected plaintiff's requests and insisted that he must sign their proposed "accommodation".  Under duress, and having been denied the opportunity to seek legal advice and to calmly evaluate the conditions that were being imposed, plaintiff was forced to sign.

6.30   Plaintiff was not allowed to pre-register for the next spring semester at the School of Architecture.  Only after the intervention of the U.P.R.'s Resource Office of the Disabled was plaintiff allowed to pre-register.

6.31   On November 21, 2000 plaintiff filed two letters with Prof. Nataniel Fuster complaining of the discriminatory treatment received form Prof. Bazán.

6.32   On December 5, 2000 plaintiff made a request for a reasonable accommodation through a letter to the Dean of the School of Architecture, asking that in the spring semester an afternoon section of a required course be opened because, due to his medication, he was unable to attend the sections that had been established all of which were scheduled for the morning.  In addition, plaintiff requested that the Dean follow up on his prior complaints.

6.33   Defendants refused to open an afternoon section of Elemental Architectural Design II and, although he had registered for the course, plaintiff was forced to withdraw.  This, in turn, caused that his Pell Grant application be rejected.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 11 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 11

6.34   On January 20, 2001 plaintiff was advised that Prof. Bazán failed him in her Architectural Design class.  This was a result of Prof. Bazán's and Dean Hertz' discriminatory animus against plaintiff, defendants' refusal to grant Toledo a reasonable accommodation and retaliation for the repeated complaints made by the plaintiff.

6.35   In an attempt to save his academic standing plaintiff requested to be allowed to take some courses at the Polytechnic University but defendants refused to allow it.

6.36   Plaintiff was finally forced to abandon the School of Architecture's program of studies due to the hostile academic environment, exclusionary practices, coercion and retaliation against him.

6.37   Save for his handicap plaintiff was and continues to be qualified to participate in the academic program at the U.P.R. School of Architecture.

6.38   Plaintiff was excluded and continues to be excluded from participation as a student in the School of Architecture by reason of his handicap.

6.39   Plaintiff is a qualified individual with a disability and/or handicap.

6.40   Upon information and belief, the School of Architecture received federal financial assistance during all times relevant to this complaint.

6.41   The actions taken by the defendants against plaintiff were also due to discrimination on the basis of his mental disability and his having asserted his rights under the federal and Puerto Rico legislation that protects the rights of disabled persons.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 12 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 12

## VII.   FIRST CLAIM FOR RELIEF

### Disability Discrimination

7.1   Plaintiff realleges as if fully set forth herein, paragraphs 1.1 – 6.41 (both included).

7.2   Plaintiff is an individual with a disability who with or without reasonable modification of the School of Architecture's rules, policies or practices, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the School of Architecture of the University of Puerto Rico.

7.3   The University of Puerto Rico and the School of Architecture are public entities in accordance with Americans with Disabilities Act ("ADA").  42 U.S.C. §12131.

7.4   Plaintiff is a qualified individual with a disability as defined by Chapter II of the American with Disabilities Act 42 U.S.C. §12131.

7.5   Plaintiff did not represent a significant risk to the health or safety of others while enrolled at the School of Architecture.

7.6   Although aware of Toledo's disability, defendants refused to engage in an interactive process with the plaintiff in order to reach a reasonable accommodation that would have allowed him to continue his course of studies at the School of Architecture.

7.7   Defendants refused to provide the plaintiff a reasonable accommodation to allow him to continue and complete his course of studies at the School of Architecture.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 13 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 13

7.8  Defendant's action constitutes a violation of the ADA.  42 U.S.C. §12132.

7.9  Codefendants retaliated against plaintiff because he demanded his rights under the Americans with Disabilities Act and opposed the practices and policies that he understood violated the ADA.

7.10  Defendant's retaliation against Toledo violated the anti-retaliation provisions of the ADA making defendants liable to the plaintiff for the damages caused by their conduct.

Defendant's conduct caused severe emotional pain and mental anguish to the plaintiff.  These damages are estimated in an amount not less than $1,850.000.00.

7.11  The Rehabilitation Act of 1973, including section 504 of the Act, 29 U.S.C. §794(a),  prohibits that a person suffering form a disability be excluded, discriminated and/or denied the services of an entity receiving federal funds because of the person's disability.

7.12  A person injured as a result of a violation of §504 of the Rehabilitation Act is entitled to recover damages for the injuries sustained as a result of the violation of his rights.

7.13  The Civil Rights Act, 42 U.S.C. § 1983, makes a person who, under color of state law, causes a citizen of the United States to be deprived  from any rights, privileges or immunities secured by the Constitution and laws of the United States, liable to the victim for the damages sustained.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 14 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 14

7.14   The actions taken by the defendants in this case were taken under color of state law.

7.15   As a result of defendants' actions plaintiff's emotional condition deteriorated and he suffered, and continues to suffer, humiliation, intense emotional pain and mental anguish, aggravating his preexisting condition.  They are estimated in an amount not less than $1,850,000.

7.16   In addition plaintiff suffered the loss of the earnings he reasonably expected to make had he been allowed to complete his studies and become an architect.  The amount of damages resulting from this loss is estimated in not less than $270,000.00.

7.17   Defendants are liable to plaintiff under the American with Disabilities Act, the Rehabilitation Act and the Civil Rights Act in the amounts set forth in paragraphs 7.15 and 7.16 as well as costs and attorneys' fees.

## VIII.  SECOND CAUSE OF ACTION

8.1   Plaintiff realleges as if fully set forth herein, paragraphs 1.1-7.17 (both included).

8.2   The Constitution of the Commonwealth of Puerto Rico prohibits all types of discrimination on the basis of race, color, sex, birth, social origin or condition, political and religious activities.

8.3   Puerto Rico's Act No. 44 of July 2, 1985, 1 L.P.R.A. §501 *et seq.*, prohibits discrimination against disabled persons and requires that efforts be made, by

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 15 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 15

employers and educational institutions, to reasonably accommodate a person's disability.

8.4     Defendants were or should have been aware of plaintiff's disability.

8.5     Rather than granting plaintiff a reasonable accommodation in connection with his condition defendants placed unreasonable demands on him in order to silence him and force him to withdraw from the architecture program at the U.P.R.

8.6     Defendants negligently or culpably failed to take the appropriate measures to insure that they, and the employees under their supervision were aware of plaintiff's rights as a disabled person.

8.7     Persons such as plaintiff who are victims of disability discrimination are entitled to recover the damages sustained pursuant to article 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141 and 5142.

8.8     Defendants actions were in violation of the laws of Puerto Rico including, but not limited to, the Puerto Rico Anti Discrimination statutes and the Constitution of the Commonwealth of Puerto Rico and their conduct caused intense humiliation, emotional pain and mental anguish to the plaintiff, aggravating his prior condition. Those damages are estimated in an amount not less than $1,850,000.00.

8.9     In addition defendants are liable to plaintiff for the earnings he would have received had he been allowed to complete his studies and become a practicing architect.  The loss of earning is estimated in not less than $270,000.00.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 16 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 16

## IX. THIRD CLAIM FOR RELIEF

9.1   Plaintiff realleges, as if fully set forth herein, paragraphs 1.1 – 8.9 (both included) above.

9.2   The defendant's insidious actions and policies of discrimination were voluntary and of a repetitive nature, and in reckless disregard of plaintiff's rights; as such they warrant the imposition of punitive damages against defendants in the amount of $300,000.00.

## X. FOURTH CLAIM FOR RELIEF

10.1   If the actions by defendants complained about herein are not restrained they will continue to occur in detriment to the federally protected rights of the plaintiff.

10.2   It is requested that defendants be ordered to reinstate the plaintiff to the architecture program at the U.P.R., granting the appropriate accommodation that plaintiff's disability may warrant; that his academic record be expunged and that they be permanently enjoined from continuing the discriminatory and unconstitutional practice of discriminating against him.  It is further requested that defendants be ordered to pay the plaintiff compensation for the damages set forth in this amended complaint, punitive damages, interest, costs and attorneys fees as well as any further relief that may be just and proper.

**WHEREFORE,** it is respectfully requested that judgment be entered granting plaintiff the remedies and awards requested in the claims for relief set forth above, and any such other relief as the Court may deem necessary and proper.

Case 3:01-cv-01980-SEC   Document 109   Filed 02/14/05   Page 17 of 17

Iván Toledo vs. Universidad de Puerto Rico, et als
Third Amended Complaint
Page 17

**RESPECTFULLY SUBMITTED.**

**I CERTIFY** that a copy of this motion has been mailed to **JULIO NIGAGLIONI ARACHE,** PO Box 9024024, San Juan, PR 00902-4024; **MARIE CEFERINA JAVIER-VILLEGAS, DEPARTMENT OF JUSTICE OF PUERTO RICO**, Federal Litigation **Division**, PO Box 9020192, San Juan, PR 00902-0192.

In San Juan, Puerto Rico this 9th day of February, 2005.

| | |
|---|---|
| GONZÁLEZ MUÑOZ & VICÉNS SÁNCHEZ<br>P.O. BOX 9024055<br>SAN JUAN, P.R. 00902-4055<br>TEL. 787-725-8700<br>FAX. 787-725-8774 | VICTOR P. MIRANDA-CORRADA<br>WESTERNBANK WORLD PLAZA,<br>SUITE 1905<br>268 MUÑOZ RIVERA AVENUE<br>SAN JUAN, P.R. 00918-2005<br>TEL. 787-754-2005<br>FAX 787-758-2448 |
| **S/JUAN RAFAEL GONZÁLEZ MUÑOZ**<br>JUAN RAFAEL GONZÁLEZ MUÑOZ<br>USDC-PR NO. 202312<br>gmlopsc@polo-norte.com | **S/VICTOR P. MIRANDA CORRADA**<br>VICTOR P. MIRANDA CORRADA<br>USDCPR No. 201205<br>mirandacorradalaw@msn.com |

c:\my documents\ivan toledo 2286\amended complaint2.doc

Revised: 09/02/05 10:08